Justice Drake
delivered the opinion of the court.
This cause was tried at the Sussex Circuit, in November, 1828. The defendant confessed lease, entry, and ouster. And the plaintiff in support of his title, gave in evidence:
1st. A deed of conveyance from Joseph Sharp and wife, to Henry Simpson and James Edsall, Jr., for the disputed premises, dated the 2d day of April, 1807.
*127 2d. A deed from Henry Simpson and wife, to Francis Hamilton, for the one equal undivided half part of the same premises, bearing date the 2d day of April, A. D. 1823.
3d. An exemplification of a decree of the Court of Chancery *of New Jersey, made the 7th day of April, A. D. 1826, between Joseph Sharp, complainant, and Francis Hamilton and wife and William Darrah, defendants, together with the fi. fa. issued on said decree.
4th. A deed to the lessor of the plaintiff, duly acknowledged, dated the 18th day of January, .1827, made by William T. Anderson, master in chancery, reciting the said writ of fi. fa. and a salo by virtue thereof of the said equal undivided half part of the said premises, to the said Joseph Sharp, and conveying the same to him accordingly.
The plaintiff also gave some evidence of the possession of the defendant, and obtained a verdict for one moiety of the disputed premises.
This verdict is sought to be set aside for the following reasons:
1st. That the deed from Joseph Sharp and wife to Simpson and Edsall, was admitted in evidence upon incompetent proof of its due execution.
This deed had been acknowledged before a proper officer, who certified that the grantors acknowledged the same “ to be their act and deed for the uses and purposes therein mentioned,” instead of using the language of the statute, that “ they signed, sealed and delivered the same,” &c. It is ■well settled, that a substantial compliance with the act on this subject is sufficient, without minute attention to form. The acknowledgment in this case is full as comprehensive, as if done in the language of the act; for it could not be the deed of the parties, without embracing the several requisites specified in the act. It was urged, in argument, that the legislature did not intend that parties should use this conclusive, and, in some measure, technical language, lest it bo done unadvisedly; but that they should specify the particu *128 lars of the execution in order that the court may judge whether it is in truth, and in law, their act and deed. But this is an unusual caution, and as I think unnecessary. If an instrumental witness swear to the execution of a deed in the language of this certificate, that proof, with the possession of the deed by the grantee, would undoubtedly be sufficient prima facie evidence of due execution. And it surely cannot be less satisfactory, that that acknowledgment was deliberately made before *a judge. A grantor should be concluded by such an act, if unexplained, and the defendant in this case can ask for no more decisive proof of the due execution of the deed than if he were the grantor.
2d. The next objection is, that the above stated decree of the Court of Chancery, with the writ of fi'. fa. issued thereon, and the deed from the master to the lessor of the plaintiff, were read in evidence against the defendant, who was not a party or privy to the decree ; and especially ; that the recital of the mortgage .in the decree was held, at the circuit, to be evidence against him, without the production of the original.
The plaintiff gave in evidence a conveyance from Henry Simpson and wife to Francis Hamilton ; who testified that he had possession of the premises under Simpson, and that the defendant went into possession under the witness, as he believed, in 1815. Having thus shewn title in Francis Hamilton, the decree and proceedings under it were offered to shew a transfer of such title as he had, to the lessor of the plaintiff. Where a judgment of a court of law, or a decree of a Court of Chancery, forms a link in a chain of title, the fact of the existence of such judgment or decree, may be shewn by the record, in controversies with third persons; and it is no more liable to objection than the deeds of conveyance, for these are equally, in one sense, res inter alios acta. The defendant may be right in supposing that the decree was not, as between these parties, proof of the mortgage recited in it. But it was not neces *129 sary to prove that. It was immaterial what was the foundation of the decree. That was the judgment of a competent ■court, and authorized the sale and transfer of Hamilton’s ■estate in the premises, which took place under it. 1 Starkie on Evidence 187, 8, 9.
3d. A third objection is, that Francis Hamilton was an incompetent witness for the plaintiff. If so, it must be on the ground of interest. But I can discover no such interest .as should have excluded him. He did not convey these premises with ivarranty; nor even by any kind of private contract, out of which a future responsibility could grow. Ilis estate in the premises was taken and transferred by process of law, without his consent.
4th. Francis Hamilton, after testifying that Benjamin Hamilton *took possession under him in 1815, on cross-examination, said that “ he inferred that defendant went into possession under witness because there was an agreement respecting the premises between witness and defendant.” And the agreement being in writing, and not produced, gave rise to a motion to overrule Francis Hamilton’s testimony; which the court refused to do. The fact that he actually took possession was one entirely independent of the agreement, and the testimony as to that simply, was clearly without objection. There is more plausibility in requiring the writing as the best evidence to shew under whom he took possession, and whether under witness or not. But the evidence sought to be overruled was not as to the particular manner or terms of the holding, but merely under whom he took or held. And it appears to me too strict where the witness swears to a change of possession, and that it was by bis permission or consent, or that the defendant took under him, to overrule that evidence because there may be a written lease not produced ; and especially where the party offering the evidence is a stranger to the contract. It is every day’s practice, in actions of ejectment, to show that one person held or holds, under another, by the pay *130 ment of rent, or even by an acknowledgment of the tenant, without any inquiry whether there is a'written contract, unless there be an attempt to shew further particulars of that contract. In the action for use and occupation, the question assumes a different aspect. There the tenancy is directly put in issue. It lies at the foundation of the plaintiff’s action to shew that the defendant held by his permission ; and if there be a writing, that must be produced, not merely to shew the fact of the holding, but that its contents may be looked into to ascertain the quantum of damages to be recovered.
5th. But there is another objection here interposed. If the defendant went into possession under Erancis Hamilton, it would be incumbent on him, in an action to recover the possession, to shew that he had a right to retake it, or in other words, that the right of the defendant had expired. If there was a definite agreement as to time, it should appear that the time was out; or, if indefinite, some demand of possession, or notice to quit, would be necessary. 2 Starkie 528.
If we regard the lessor of the plaintiff as a mortgagee of the *premises, prior to the creation of this tenancy, there would be nothing in this objection; for we do not, in Hew Jersey, require that a mortgagee should give notice to quit to the mortgagor, or those holding possession under him. But I have already intimated that the existence of a mortgage is not properly proved, to affect this defendant. Consequently, we cannot consider the lessor of the plaintiff as holding, under a mortgage executed by Erancis Hamilton; prior to his transfer of the possession to the defendant, or by title paramount to Erancis Hamilton’s; but under him, having purchased his right at'the sale by the master. The plaintiff consequently takes his position, as to his claims upon the defendant. Should he then maintain this action without a notice to quit ? This question would have founded a serious objection to the plaintiff’s recovery, if it had been *131 urged at the trial. But it does not appear that it was. On the contrary, the great effort of the defendant, at the trial, appears to have been to shew that he had abandoned the possession, before this action was instituted. Had he insisted on his right to the possession as tenant from year to year, possibly the plaintiff could have supplied the proof of notice, or shewn the expiration of the tenancy. But the defendant made no attempt to shew title or right of possession in himself; as tenant, or otherwise, but merely efforted to shew himself out of possession. Should he have the benefit of a new trial to oblige the plaintiff to prove upon him a legal notice to quit a possession, which, at the trial, he attempted to shew that he had voluntarily abandoned? This application is made to the sound discretion of the court; and it appears to me that such a state of facts will not justify us in setting aside the verdict on this ground.
6th. Another reason is founded on the circumstance, that the Circuit Court permitted the attorney for the plaintiff to swear, that “ the original declaration in ejectment, in this cause, was issued between the 20th and 2.5th August, 1827,” without the production of the paper. And we are referred to the case of Bunnel v. Braund, 1st Esp. nisi prius 293, as a case in point. In that case the existence and nature of the writ were expressly put in issue by the pleadings. “ The plaintiff replied a bill of Middlesex sued out on a day certain, and the defendant rejoined, that he did not promise at any time within six years next before *the suing out any precept called a bill of Middlesex.” But in the present case the existence and contents of the writ, and time of issuing it, were not put in issue, as they are when replied to a plea of the statute of limitations. It was not in dispute that there was such a paper, or that it was issued, or served; but the enquiry was made, in reference to the defendant’s possession at a particular time, to shew circumstantially the time of service, from the time of issuing the *132 writ. It was a question witli respect to time merely, and did not involve the contents of the paper so far as to require its production.
7th. The last objection relates to the proof of the defendant’s possession at the time of serving the ejectment. When the person upon whom the declaration is served, appears and defends, he cannot expect this defence to be favored. In this case, it appeared that the defendant had been in possession for a considerable number of years. He endeavored to shew that he had abandoned it. The evidence was left to the jury, who have found against him. The verdict should not he disturbed for this reason.
Upon the whole ease, I am of opinion that the rule to shew cause should be discharged.
Buie discharged.